UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )    CR. NO. 11-10310-MLW
                              )
CARMEN SOTO                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                    December 23, 2013

I.   SUMMARY

     On December 12, 2013, defendant Carmen Soto filed a Motion for
Release Pending Appeal (the "Motion").  The government filed its
opposition to the Motion on December 19, 2013. For the reasons
explained below, the Motion is being denied, primarily because
defendant has not raised a substantial question of law or fact
likely to result in reversal, as required by 18 U.S.C.
§3143(b)(1)(B).  The court is, however, again postponing the date
on which defendant must report to begin serving her sentence to
permit her an opportunity to appeal this decision and to provide
the First Circuit an opportunity to decide any appeal.


II.  PROCEDURAL HISTORY

     Carmen Soto was originally indicted in 2009 on the charges in
this case, with her husband Pedro Soto and her son Steven Soto.
The case was assigned to Judge Richard Stearns.  Judge Stearns
denied the defendants' motion to suppress.  However, the original
case against the three defendants was dismissed without prejudice

because of a violation of the Speedy Trial Act.

The instant case realleging the original charges against all three defendants was filed in 2011, and assigned to this court. The Criminal Justice Act attorney who had vigorously represented defendant before Judge Stearns was appointed to represent her in the instant case. The motion to suppress denied by Judge Stearns was filed again. This court ordered further briefing and decided it de novo. After hearing several days of testimony, on January 14, 2013, this court denied the motion to suppress evidence seized in 2007 pursuant to warrants to search a Gateway computer, to search 56 Lawrence Road in Lynn, Massachusetts, and to search 14 Moulton Road in Lynn, Massachusetts. For reasons explained in detail orally, the motion to suppress was denied based primarily on the basis of the independent source doctrine recognized in cases such as Murray v. United States, 487 U.S. 533 (1988), and United States v. Dessesaure, 429 F.3d 359 (1st Cir. 2006). See Jan. 14, 2013 Transcript (Docket No. 171).

After a 15-day trial, on June 21, 2013, Carmen Soto was convicted on all of the charges against her, which were four counts of mail fraud. Pedro Soto was convicted of all of the charges against him. Steven Soto was convicted of all except one of the charges against him.  None of the defendants -- who were each represented by counsel who had vigorously and effectively served them since at least 2009 and were fully familiar with the record in

2

this case -- filed a motion for a new trial.

On October 25, 2013, defendant was sentenced to serve a year and a day in prison. Her sentence represented a downward departure from the Guideline range of 46 to 57 months. Defendant was ordered to report to begin serving her sentence on December 9, 2013. Her co-defendants were sentenced the same day and did not move for a stay pending appeal. Each has begun serving his sentence. However, on December 9, 2013, defendant's trial counsel filed an Emergency Motion to Extend Deadline to Self-Report. The court allowed the motion and ordered defendant to begin serving her sentence on December 30, 2013.

On December 9, 2013, the First Circuit appointed new counsel for defendant. On December 12, 2013, her new counsel filed this Motion, requesting a stay of her sentence pending appeal.

III. THE APPLICABLE STANDARDS

The issue of release from detention pending appeal arises under 18 U.S.C. §3143(b). In order to obtain a stay of sentence and release pending appeal a defendant must provide clear and convincing evidence that she will not flee or present a danger to the community. 18 U.S.C. §3143(b)(1)(A). In addition, the defendant must prove that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to

3

result in" reversal, a new trial, or reduced sentence.   18 U.S.C. 3143(b)(1)(B).

The §3143(b)(1)(B) standards were interpreted by the First Circuit in United States v. Bayko, 774 F.2d 516, 522-23 (1st Cir. 1985), and addressed by this court in 2011 in United States v. DiMasi, 817 F.Supp.2d 9 (D. Mass. 2011), aff'd, No. 11-2163 (1st Cir. Nov. 14, 2011). "[T]he provision breaks down into two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." Bayko, 774 F.2d at 522. As to the first requirement, the First Circuit has interpreted the words "substantial question of law or fact" to mean "a close question or one that very well could be decided the other way." Bayko, 774 F.2d at 523. "The second requirement has provoked very little controversy. It has generally been read to mean that if error is found, it must not be harmless or unprejudicial error." Bayko, 774 F.2d at 522. The statutory phrase "'likely to result in reversal' should be read to mean that 'it is more probable than not that' a favorable decision will result in a reversal of the conviction or a new trial." Id.

4

IV.   ANALYSIS

None of the requirements for a stay and release pending appeal have been satisfied in this case.  Even assuming that there is a clear and convincing evidence that defendant will not flee if released pending appeal, the court has concerns about whether she remains dangerous.  The evidence at trial showed her to be repeatedly engaged in criminal activity over a long period of time. That evidence included: recorded conversations with her son Steven Soto while he was in jail; the testimony of Angel Rodriguez, Madeline DeLaCruz, and others close to the defendant who had been used or, in Rodriguez's case victimized, by her; and testimony about her attempts to get others to lie to cover-up her crimes. Therefore, if it were material, the court would require additional evidence before concluding that there had been a clear and convincing showing that defendant will not be dangerous if her release is continued.  See 18 U.S.C. §3143(b)(1)(A).

However, whether or not defendant is now dangerous is not material to the merit of her request to be released pending appeal because she has not, in any event, satisfied the requirements of §3143(b)(1)(B).  Defendant's newly appointed counsel states that he: "he is not at present in a position to assess the evidence on which the Court made its decision. Nonetheless, it is likely the appeal will challenge the Court's ruling on the Motion to Suppress." Mot. for Release Pending Appeal at 4.  The transcripts

of the testimony on the motion to suppress were not ordered by defendant's trial counsel and have not been prepared. However, even after talking to prior counsel and reviewing the docket, id., at 3, defendant's current counsel has not identified any particular issue to be appealed. In denying the motion to suppress, the court made factual findings that were fully supported by the evidence and applied the clearly established jurisprudence concerning the independent source doctrine. Therefore, the court does not find that an appeal of the denial of the motion to suppress will present the "close question" required by Bayko, 774 F.2d at 523.

In addition, defendant is not likely to be able to prove that any error concerning the denial of the motion to suppress was prejudicial rather than harmless. See id. at 522. The evidence seized pursuant to the warrants at issue in the motion to suppress related most directly to defendants Steven Soto and Pedro Soto. As indicated earlier, at trial there was testimony from many witnesses, including several who were close to the defendant such as Angel Rodriguez and Madeline DeLaCruz, that provided compelling direct evidence of her guilt. There was also incriminating recorded evidence of defendant speaking to her son in jail. Therefore, even if some unidentified seized evidence was improperly admitted, it has not been shown that a reversal of her conviction or a new trial is likely to be ordered. Nor did any of the seized evidence affect the sentence of a year and a day in prison that was imposed, which

6

was a departure from the 46 to 57 month Guideline range.

The court recognizes that defendant has in the past been treated for breast cancer and requires monitoring.[1] Her medical history was a primary reason for the downward departure. <u>See</u> Judgment, Statement of Reasons at 10 (Docket No. 231). The court also recognizes that it is possible defendant will have completed the approximately 10 months to be served in prison before her appeal is decided. If there was a close question as to whether the §3143(b) standards have been met, the court would probably give her the benefit of the doubt and order defendant's release pending appeal. There is, however, no proper basis for doing so. In these circumstances, granting the Motion would be unjustified and only delay the modest punishment imposed for defendant's serious crimes. Therefore, the Motion is being denied.

However, in order to permit defendant to appeal this decision, if she wishes to do so, and to provide the First Circuit an opportunity to decide any appeal, the date on which the defendant must report to begin serving her sentence is being extended from December 30, 2013 to January 15, 2014.

---

[1]At the time of sentencing, defendant was understood to be free of cancer.

V.    ORDER

In view of the foregoing, it is hereby ORDERED that:

1.    Defendant's Motion for Release Pending Appeal (Docket No.
252) is DENIED.

2.    Unless otherwise ordered by the First Circuit, defendant
shall, by 12:00 noon on January 15, 2014, report to the institution
designated by the Bureau of Prisons to begin serving her sentence.


                                    _____
                                    UNITED STATES DISTRICT JUDGE

8